UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREN E. GOLDING, | : | |
| | : | Civil Action No. 16-2560 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| ATTORNEY GENERAL OF NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

The Court having reviewed Petitioner Karen E. Golding's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), and it appearing that:

1. On or about May 6, 2016, Petitioner filed her petition and paid the appropriate filing fee. (ECF No. 1).

2. As Petitioner has filed a petition for a writ of habeas corpus and paid the appropriate filing fee, this Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. For a district court to have jurisdiction over a petitioner's habeas claims attacking a state court conviction, the petitioner must be "in custody" at the time he files his petition. *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). While the meaning of "in custody" has been broadened to include not only those physically confined but also those on probation or

supervised release, where a petitioner has served his sentence, including any term of parole, probation, or supervised release prior to the filing of his petition, he is no longer "in custody" for the purposes of habeas jurisdiction. *Id.* at 717-18. The continued requirement to pay fines, fees, or restitution is not sufficient to establish custody, and such requirements are insufficient to establish habeas jurisdiction. *Id.*

4. In her petition, Petitioner seeks to attack her conviction for Fourth Degree Stalking. (*Id.* at 2). According to the petition, Petitioner received a sentence of two years' probation and ninety days of SLAP (Sheriff's Labor Assistance Program) service. (*Id.*). That sentence was entered on February 23, 2010. (*Id.*). Petitioner, however, apparently appealed her sentence. According to the opinion of the New Jersey Appellate Division on direct appeal, Petitioner also apparently received a stay of her sentence pending appeal. *See State v. Golding*, 2012 WL 3116788, at *2 (N.J. App. Div. July 20, 2012), *certif. denied*, 59 A.3d 602 (N.J. 2013). Thus, the petition suggests that Petitioner's sentence did not begin to run until after Petitioner's 2012 appeal had concluded. Even if this Court were to assume that Petitioner's stay of sentence pending appeal did not end until the New Jersey Supreme Court denied certification on January 30, 2013, *see* 59 A.3d at 602, Petitioner's two year probationary term would have concluded in January 2015. Thus, it appears from the petition that Petitioner is no longer in custody, and that this Court in turn does not have jurisdiction to hear her habeas petition.[1] *See Obado*, 328 F.3d at 717-18.

---

[1] Because *coram nobis* relief "is not available in a federal court as a means of attack on a state criminal judgment," *Obado*, 328 F.3d at 718, a lack of custody at the time of the filing of a habeas petition collaterally attacking a state court sentence is essentially an absolute bar to federal collateral relief for a state court criminal judgment as this Court has no basis for jurisdiction over such an attack.

2

IT IS THEREFORE on this  10th  day of May, 2016,

ORDERED that Petitioner shall, within thirty (30) days, show cause why this Court should not dismiss her habeas petition for a lack of jurisdiction as she is no longer in "custody" for the purposes of habeas relief, failure to respond shall result in the dismissal of Petitioner's petition with prejudice for lack of jurisdiction, and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner electronically.

Hon. Jose L. Linares,
United States District Judge