UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAREN E. GOLDING,

    Petitioner,

v.

ATTORNEY GENERAL OF NEW JERSEY,

    Respondent.

Civil Action No. 16-2560 (JLL)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On or about May 6, 2016, Petitioner filed her petition and paid the appropriate filing fee. (ECF No. 1).

2. On May 10, 2016, this Court entered an Order directing Petitioner to show cause why her petition should not be dismissed with prejudice for lack of jurisdiction as Petitioner was no longer "in custody." (ECF No. 2). In that Order, Petitioner was specifically informed that failure to respond to that order "shall result in the dismissal" of her habeas petition. (*Id.* at 3).

3. Although the thirty day period in which to respond has more than passed, Petitioner has utterly failed to respond to that Order.

4. As Petitioner has filed a petition for a writ of habeas corpus and paid the appropriate filing fee, this Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

1

*McFarland v. Scott*, 512 U.S. 849, 856 (1994).

    5. For a district court to have jurisdiction over a petitioner's habeas claims attacking a state court conviction, the petitioner must be "in custody" at the time he files his petition. *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). While the meaning of "in custody" has been broadened to include not only those physically confined but also those on probation or supervised release, where a petitioner has served his sentence, including any term of parole, probation, or supervised release prior to the filing of his petition, he is no longer "in custody" for the purposes of habeas jurisdiction. *Id.* at 717-18. The continued requirement to pay fines, fees, or restitution is not sufficient to establish custody, and such requirements are insufficient to establish habeas jurisdiction. *Id.*

    6. In her petition, Petitioner seeks to attack her conviction for Fourth Degree Stalking. (ECF No. 1 at 2). According to the petition, Petitioner received a sentence of two years' probation and ninety days of SLAP (Sheriff's Labor Assistance Program) service. (*Id.*). That sentence was entered on February 23, 2010. (*Id.*). Petitioner, however, apparently appealed her sentence. According to the opinion of the New Jersey Appellate Division on direct appeal, Petitioner also apparently received a stay of her sentence pending appeal. *See State v. Golding*, 2012 WL 3116788, at *2 (N.J. App. Div. July 20, 2012), *certif. denied*, 59 A.3d 602 (N.J. 2013). Thus, the petition suggests that Petitioner's sentence did not begin to run until after Petitioner's 2012 appeal had concluded. Even if this Court were to assume that Petitioner's stay of sentence pending appeal did not end until the New Jersey Supreme Court denied certification on January 30, 2013, *see* 59 A.3d at 602, Petitioner's two year probationary term would have concluded in January 2015, and Petitioner was therefore no longer "in custody" at the time she filed her petition in May

2016. This Court therefore does not have jurisdiction to hear her habeas petition.[1]  *See Obado*, 328 F.3d at 717-18.

7. As Petitioner is no longer in custody arising out of the conviction she seeks to attack, and as Petitioner has utterly failed to respond to the Order to Show Cause (ECF No. 2) even though several months have passed since the thirty day response period concluded, this Court will dismiss Petitioner's habeas petition with prejudice for lack of jurisdiction.

8. Because this Court is dismissing Petitioner's petition, this Court is required to determine whether Petitioner is entitled to a certificate of appealability. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because

---

[1] Because *coram nobis* relief "is not available in a federal court as a means of attack on a state criminal judgment," *Obado*, 328 F.3d at 718, a lack of custody at the time of the filing of a habeas petition collaterally attacking a state court sentence is essentially an absolute bar to federal collateral relief for a state court criminal judgment as this Court has no basis for jurisdiction over such an attack.

jurists of reason would not disagree with this Court's conclusion that it does not have jurisdiction over Petitioner's habeas petition, this petition is inadequate to deserve encouragement to proceed further, and Petitioner shall therefore be denied a certificate of appealability.

9. In conclusion, Petitioner's habeas petition (ECF No. 1) will be dismissed with prejudice for lack of jurisdiction, and Petitioner shall be denied a certificate of appealability. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge

9/14/16